Mirtha **SORNIA**, Plaintiff—Appellee,

v.

**EL CENTRO ELEMENTARY SCHOOL DISTRICT; et al.,** Defendants—Appellants.

No. 06–56179.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2008.*

Filed April 11, 2008.

* The panel unanimously find this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

338

William N. Woodson, III, Esq., Woodson and Allen, Murrieta, CA, for Plaintiff–Appellee.

Paul V. Carelli, IV, Esq., Daniel R. Shinoff, Esq., Stutz Artiano Shinoff & Holtz, San Diego, CA, for Defendants–Appellants.

Before: HALL, T.G. NELSON, SILVERMAN, Circuit Judges.

## MEMORANDUM **

Plaintiff Mirtha Sornia, a bus driver for the El Monte School District, sued the district and her supervisor, Benny Carter, for sexual harassment. The jury awarded Sornia $400,000 in compensatory damages and $32,500 in punitive damages. The school district and Carter appeal the district court's denial of their motion for a new trial after a jury verdict. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A district court's grant or denial of a new trial pursuant to Fed.R.Civ.P. 59(a) is reviewed for abuse of discretion. *Jorgensen v. Cassiday,* 320 F.3d 906, 918 (9th Cir.2003). We find no abuse of discretion here.

■ Defendants argue that the district court should have granted its motion for a new trial because Sornia's testimony that Carter handed her his pubic hairs was without foundation and prejudiced Carter. To the contrary, Sornia's testimony that the hairs were pubic hairs was properly admitted because it was rationally based on her perception of events, helpful to the trier of fact, and not based on scientific knowledge. Fed.R.Evid. 701. While otherwise admissible evidence may be excluded if the danger of unfair prejudice substantially outweighs is probative value,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Fed.R.Evid. 403, we cannot say that the evidence was prejudicial here, much less that any prejudice outweighed the probative value of the evidence. The testimony concerned one of several incidents of Carter's sexual harassment of Sornia, which provide the very basis for this lawsuit. *See United States v. Allen,* 341 F.3d 870, 886 (9th Cir.2003) (for evidence to be unfairly prejudicial, it must "suggest decision on an improper basis") (citing Fed.R.Evid. 403 advisory committee notes).

The school district and Carter next argue that a new trial should have been granted because Sornia's counsel made improper arguments during closing argument. Even in civil cases, the plain error standard applies to errors in closing argument without contemporaneous objection. The standard requires: 1) error, 2) that is plain, 3) that is prejudicial, and 4) review must be necessary to prevent a miscarriage of justice. *Hemmings v. Tidyman's,* 285 F.3d 1174, 1193 (9th Cir.2002). Here, there was no error in the first place because Sornia's counsel did not mischaracterize Carter's testimony. Even if there were error, it could not be described as prejudicial because it was isolated, and Sornia had a strong case regardless. *Id.* at 1194–95.

■ Defendants next argue that the compensatory damage award of $400,000 was excessive in light of Sornia's minor injuries. Though $400,000 is a high award in a case with only emotional distress damages, the district court did not abuse its discretion when it found the award was not the result of passion or prejudice. *Merlo v. Standard Life & Acc. Ins. Co.,* 59 Cal. App.3d 5, 17, 130 Cal.Rptr. 416 (Ct.App. 1976). The jury clearly found Sornia's testimony credible, and taking her testimony as true, it establishes that she suffered severe sexual harassment from her direct supervisor for over six months, and that she experienced psychological problems stemming from that harassment for the next year and a half. Based on this evidence, it was not an abuse of discretion for the district court to deny the motion for a new trial on the compensatory damages issue. Defendants' selective citations to cases where less damages were awarded for more egregious conduct do not prove otherwise. *See Pool v. City of Oakland,* 42 Cal.3d 1051, 1067 n. 17, 232 Cal.Rptr. 528, 728 P.2d 1163 (1986).

■ Last, Defendants argue that the punitive damages award of $32,500 was excessive. California courts consider three criteria when reviewing punitive damages: 1) the nature of defendant's wrongdoing; 2) the amount of compensatory damages, and 3) the wealth of the defendant. *Neal v. Farmers Ins. Exch.,* 21 Cal.3d 910, 928 & n. 13, 929, 148 Cal.Rptr. 389, 582 P.2d 980 (Ct.App.1978); *Adams v. Murakami,* 54 Cal.3d 105, 110, 284 Cal. Rptr. 318, 813 P.2d 1348 (1991). The school district and Carter take issue only with the third factor, and argue that the award of $32,500 should be overturned because it represents nearly all of Carter's net worth. However, based on Carter's own testimony, the award represents at most 24% of his net worth, and California case law "has not established any specific numerical percentage of net worth as constituting the upper permissible limit for the amount of a punitive damages award." *Vallbona v. Springer,* 43 Cal.App.4th 1525, 1539–40, 51 Cal.Rptr.2d 311 (Ct.App.1996). A review of all three *Neal* factors establishes that the district court did not abuse its discretion in denying the motion for a new trial. Carter's actions towards Sornia were highly reprehensible, and the award of $32,500 represented less than 10% of the compensatory damages award of $400,000. *Id.* at 1539–41, 51 Cal.Rptr.2d 311 (upholding award constituting 23.1 %

of defendant's net worth where defendant's conduct was reprehensible and the award was less than three times the amount of compensatory damages).

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.